UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

v.                                         CAUSE NO. 3:19-CV-446 DRL-MGG

PACHECO, *et al.*,

    Defendants.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed an amended complaint against Officer Pacheco and the Indiana State Prison Warden alleging that Officer Pacheco sprayed him with mace while he was handcuffed following a verbal disagreement. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Pursuant to 28 U.S.C. § 1915A, the court still must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Based on the allegation that on May 18, 2019, Officer Pacheco sprayed mace on Mr. Cleveland while he was handcuffed, the amended complaint states a plausible Eighth Amendment claim of excessive force against Officer Pacheco.

The only other defendant named in the complaint is the Warden of the Indiana State Prison. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for a subordinate's actions in certain cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Cleveland has not alleged that the Warden was personally involved in this incident. Thus, the complaint does not state a claim against the Warden.

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against Officer Pacheco in his individual capacity for monetary damages for allegedly using excessive force against Keith Cleveland on May 18, 2019, by spraying him with mace while he was handcuffed, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Indiana State Prison Warden;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Pacheco at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), Officer Pacheco to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 24, 2019  *s/ Damon R. Leichty*
Judge, United States District Court